_____ FILED      _____ ENTERED
_____ LODGED     _____ RECEIVED

**MAR 14 2025**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                          DEPUTY

The Hon. Tana Lin

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MARQUISE LATRELLE TOLBERT, <br><br> Defendant. | NO. 23-104TL <br><br> **PLEA AGREEMENT** |

The United States, through United States Attorney Tessa M. Gorman and Assistant United States Attorneys Stephen Hobbs and Michelle Jensen of the Western District of Washington and Marquise Latrelle Tolbert and his attorney Carlos Santiago, enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A):

1.      **The Charges**.  Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to each of the following charges contained in the Superseding Indictment:

a.      *Unlawful Possession of a Firearm*, in violation of Title 18, United States Code, Section 922(g)(1), as charged in Count 2 of the Indictment.

Plea Agreement - 1
*United States v. Tolbert*, CR23-104TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

By entering pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. **Elements of the Offenses**. The elements of the offense to which Defendant is pleading guilty are as follows:

*Unlawful Possession of a Firearm*, in violation of Title 18, United States Code, Section 922(g)(1):

a. The Defendant knowingly possessed a firearm,

b. The firearm had been shipped and transported in interstate or foreign commerce,

c. At the time the Defendant possessed the firearm the Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year, and

d. At the time the Defendant possessed the firearm, the Defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

3. **The Penalties**. Defendant understands that the statutory penalties applicable to the offenses to which Defendant is pleading guilty are as follows:

a. *Unlawful Possession of a Firearm*, in violation of Title 18, United States Code, Section 922(g)(1): a maximum term of imprisonment of up to 15 years, a fine of up to $250,000, a period of supervision following release from prison of up to 3 years, and a mandatory special assessment of one hundred dollars ($100).

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally

Plea Agreement - 2
*United States v. Tolbert*, CR23-104TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

4. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

   a. The right to plead not guilty and to persist in a plea of not guilty;

   b. The right to a speedy and public trial before a jury of Defendant's peers;

   c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

   d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

   e. The right to confront and cross-examine witnesses against Defendant at trial;

   f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

   g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

Plea Agreement - 3
*United States v. Tolbert*, CR23-104TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

h.     The right to appeal a finding of guilt or any pretrial rulings.

5.     **United States Sentencing Guidelines**. Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense(s); (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense(s), to promote respect for the law, and to provide just punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

a.     The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

b.     After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c.     The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d.     Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

6.     **Ultimate Sentence**. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

Plea Agreement - 4
*United States v. Tolbert*, CR23-104TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

7.   **Statement of Facts**. The parties agree on the following facts. Defendant Marquise Latrelle Tolbert admits he is guilty of the charged offenses:

a.   The events described below took place in King County, within the Western District of Washington, and elsewhere.

b.   In the course of this investigation, law enforcement obtained permission to intercept telephone calls made by Marquise Tolbert. Portions of these calls are summarized below.

c.   On June 1, 2023, Tolbert called the co-conspirator. During this call, Tolbert and the co- conspirator discussed the co- conspirator sending his "girl" to meet Tolbert in Renton to sell Tolbert a firearm. Tolbert asked if "it [firearm] got a full clip [loaded magazine]… cause I know them bullets is hella expensive." The co- conspirator said let me check and then replied "yeah it got like 16 [bullets] in here [magazine]."

d.   After a series of calls between Tolbert and the co- conspirator, a girl (UF1) met Tolbert to sell him the firearm. Tolbert kept the line open with the co-conspirator during this transaction. Tolbert then told the co- conspirator, "I just gave it [money for the firearm] to her, brother." At this time, investigators observed Tolbert in his silver Jetta meeting with a female who arrived in 2007 silver Acura MDX with no license plates.

e.   Later on June 1, 2023, Tolbert called the co- conspirator and said, "this Ruger is [unintelligible]…you gave this to me for a deal brother."

f.   Later that same day, investigators followed Tolbert until he stopped at 9409 South Ash Street, Unit D, in Tacoma, Washington, where he was taken into custody on an outstanding arrest warrant issued by the Washington State Department of Corrections.

g.   That same day, pursuant to a search warrant, investigators searched 9409 S Ash Street, Unit D, Tacoma, Washington, and a Ruger 5.7 pistol with a magazine containing sixteen rounds was located in a bedroom closet in a plastic bucket. A second loaded magazine was also found with the firearm. Tolbert admits he possessed this firearm. Tolbert admits the Ruger 5.7 pistol and associated ammunition were involved in the offense.

h.   The Ruger 5.7 pistol described in the previous paragraph had not been manufactured in the State of Washington and had thus been transported in interstate or foreign commerce before being possessed by Tolbert.

i.   Tolbert admits that prior to the events described above, he had been convicted of the following crime, and knew he had been convicted of the following crime, that was punishable by imprisonment for a term exceeding one year:

Plea Agreement - 5
*United States v. Tolbert*, CR23-104TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

  i. *Unlawful Possession of a Firearm in the First Degree*, in King County Superior Court, under cause number 20-1-00422-3SEA, on or about September 16, 2022.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

8. **Sentencing Factors**.  The parties agree that the following Sentencing Guidelines provisions apply to this case:

  a. A base offense level of 20, pursuant to USSG §2K2.1(a)(4)(B) because the offense involved a semi-automatic firearm capable of accepting a large capacity magazine, and

  b. Full credit for acceptance of responsibility, conditioned upon Defendant's fulfillment of the requirements stated at USSG §3E1.1, outlined in the paragraph entitled "Acceptance of Responsibility," below.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines.  Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

9. **Acceptance of Responsibility.**  At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

Plea Agreement - 6
*United States v. Tolbert*, CR23-104TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

10.    **Recommendation Regarding Imprisonment.**  Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the parties jointly agree to recommend a sentence as follows:

a.    The defendant may request any sentence he believes is appropriate and may request that the time imposed under this cause number be served concurrently with any other cause number.

b.    The government will request a sentence of 60 months (which may be a recommendation above the Sentencing Guidelines Range as calculated by the Court), to be served consecutively to the sentence imposed under CR23-118TL. The total sentence recommended by the government under CR23-118TL and CR23-104TL will not exceed 72 months.

Defendant understands that these recommendations are not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law.  Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

11.    **Forfeiture of Assets.** Defendant understands the forfeiture of assets is part of the sentence that must be imposed in this case. Defendant agrees to forfeit to the United States immediately all of his right, title, and interest in any firearms and ammunition involved in his commission of Unlawful Possession of a Firearm, the offenses set forth in Counts 2 and 3 of the Indictment. This property is subject to forfeiture pursuant to Title 18, United States Code, Section 924(d)(1), by way of Title 28, United States Code, Section 2461(c), and includes but is not limited to:

a.    a Ruger 5.7 pistol, bearing serial number 641-25844, and any associated ammunition,

Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any

Plea Agreement - 7
*United States v. Tolbert*, CR23-104TL

documents necessary to effect forfeiture; assisting in bringing any property located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to any such property in any federal forfeiture proceeding, administrative or judicial, which may be or has been initiated. Defendant also agrees he will not assist anyone else who may file a claim to this property in any federal forfeiture proceeding.

The United States reserves its right to proceed against any other firearms and associated ammunition in which Defendant has any interest or control that are not identified in this Plea Agreement, if they were involved in Defendant's commission of Unlawful Possession of a Firearm, as set forth in Counts 1 and 2 of the Indictment.

12. **Abandonment of Contraband**. Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband that was in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that contraband. The Defendant consents to the federal administrative disposition, official use, and/or destruction of these items.

13. **Non-Prosecution of Additional Offenses**. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation, and moves to dismiss the remaining counts in the Indictment at the time of sentencing. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Plea Agreement - 8
*United States v. Tolbert*, CR23-104TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The government agrees to dismiss Count 1 of the Superseding Indictment. Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

14.    **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

15.    **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea(s) required by this Plea

Plea Agreement - 9
*United States v. Tolbert*, CR23-104TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable). This includes any procedural challenges to the sentence, including any claim that the procedure employed at sentencing violated Defendant's constitutional rights.

Defendant also agrees that, by entering the guilty plea(s) required by this Plea Agreement, Defendant waives any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation or a claim of prosecutorial misconduct based on facts unknown or not reasonably discoverable prior to entry of the judgment of conviction.

Defendant acknowledges that certain claims, including certain claims for prosecutorial misconduct, will be barred by operation of law by virtue of their guilty plea, independently from this Plea Agreement. This waiver does not preclude Defendant from bringing an appropriate motion to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to claims not subject to the waiver, above) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

Plea Agreement - 10
*United States v. Tolbert*, CR23-104TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

16.    **Voluntariness of Plea**. Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.'

17.    **Statute of Limitations**. In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to:  (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

//

//

//

Plea Agreement - 11
*United States v. Tolbert*, CR23-104TL

18.    **Completeness of Plea Agreement**.  The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter.  This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington.  It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this _14th_ day of _March_, 2025.

_____
MARQUISE LATRELLE TOLBERT
Defendant

_____
CARLOS SANTIAGO
Attorney for Defendant

_____
VINCENT T. LOMBARDI
Assistant United States Attorney

_____
STEPHEN HOBBS
Assistant United States Attorney

_____
MICHELLE JENSEN
Assistant United States Attorney

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970